[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this action, plaintiff seeks damages from his employer for damages he sustained when his right hand became caught in a molding machine he was operating, claiming that his injuries were caused by the "wilful and serious" misconduct of the defendant in requiring him to operate the CT Page 5026 molder when the spinning blade was unguarded.
The defendant has moved for summary judgment as to the plaintiff's amended complaint on the grounds that the plaintiff's claims are barred by the exclusivity provision of the workers' compensation act and that the plaintiff has not pleaded any facts or put forward any evidence to establish that the incident was intentional or substantially certain to happen.
In Suarez v. Dickmont Plastics Corp., 242 Conn. 255, 278-79 (1997) our Supreme Court held that in order to escape the exclusivity of the workers' compensation act, the victim of an intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act "Substantial certainty centers on whether the employer believed the injury was substantially certain to follow the employer's acts or conduct. . . ." (Emphasis added) Id., 280.
 In the earlier decision of Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111 (1994), it was stated: "Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case. . . . Thus, whether the actor knows that the consequences of his or her conduct are certain or substantially certain to result from his or her act and still proceeds with the conduct, so that he or she should be treated by the law as though he or she in fact desired to produce the result, is a question of fact . . .
The defendant asserts in support of its motion for summary judgment that the plaintiff has not pleaded sufficient facts or put forward any evidence to establish that the plaintiff's injury was done intentionally or substantially certain to occur.
While summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of intent it remains, nevertheless, incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. Connell v. Colwell, 214 Conn. 242, 251 (1990).
The plaintiff in objecting to the motion for summary judgment claims that a genuine issue of material facts exists as to whether the defendant CT Page 5027 knew that the plaintiff's injury was substantially certain to occur. In support of his objection, the plaintiff submits the following documents: (1) an uncertified copy of excerpts from the plaintiff's deposition, (2) an uncertified copy of excerpts from the deposition of Elmo Henderson, an employee of the defendant, (3) an uncertified copy of excerpts from the deposition of Mark Humphries, an employee of the defendant, (4) an uncertified copy of excerpts from the deposition of Ken Viestart, an employee of the defendant, (5) a copy of the defendant's notice of filing responses to the plaintiff's request for admissions and (6) an unsworn copy of a report by Paul L. Igor, a disclosed expert for the plaintiff, which concludes that the defendant exposed the plaintiff to an unsafe work environment which made the plaintiff's injury substantially certain to occur.
The Igor report cannot serve as a foundation to create an issue of fact since only sworn statements, certified copies of the deposition transcripts, and other materials of comparable reliability are deemed appropriate evidentiary bases upon which to decide motions for summary judgment. Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185,202-03, 663 A.2d 1001 (1995). Kerr v. Metropolitan District Commission,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515671 (April 27, 1994, Sheldon, J.); see Ferrucci v. LibertyMutual Fire Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 342207 (August 25, 1993, Zoarksi, J.) (8 C.S.C.R. 939).
The defendant submits, inter alia, a certified copy of excerpts from the plaintiff's deposition in which the plaintiff was asked "[h]ow is it that you believe that somebody at Rex Lumbar intended or willed you to get hurt on the machine?" The plaintiff answered "I don't think that they willed me or anybody else to get hurt at all. But I believe that if they had taken the safety precaution that they took after I got hurt, it's quite possible that I would not have been hurt." (John Morocco's Deposition, p. 78.)
After careful review, it is concluded that the depositions and the admissible documentary evidence submitted by the plaintiff provide no factual basis for a finding that the defendant was substantially certain that the plaintiff's injury would occur. Rather, the depositions read together only state that the plaintiff worked in an unsafe condition, since he worked on a machine which did not have a protective guard, and that after his accident, the guard was put back on the machine. (Ken Viestart's Deposition, p. 40; Mark Humphries' Deposition, pp. 33-35.) Plaintiff has offered no evidence to establish a factual predicate that the defendant knew with substantial certainty that the plaintiff would be hurt because the mere "[f]ailure to take affirmative remedial action, CT Page 5028 even if wrongful, does not demonstrate an affirmative intent to create a situation that causes personal injury." Melanson v. West Hartford,61 Conn. App. 683, 689 (2001). See Recalde v. Emhart Industries, Inc.,
Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 053222 (February 4, 1999, Corradino, J.) (24 Conn.L.Rptr. 126).
Since this action is barred by the exclusivity of the workers' compensation act, defendant's motion for summary judgment is granted.
Wagner, TJR